IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.S.R., individually and on behalf of all others similarly situated,<br><br>*Petitioner–Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants.* | Case No. 3:25-cv-00113<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER-PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMS** |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER-PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMS**</u>

**INTRODUCTION**

Petitioner-Plaintiff A.S.R. moves for permission to proceed under pseudonyms in the above-captioned case. The named Petitioner is challenging the Presidential Proclamation entitled the "Invocation of the Alien Enemies Act Regarding the Invasion of The United States by Tren De Aragua" (the "Proclamation") and its implementation that threatens him and others who are similarly-situated with summary removal from United States. He does so in a time of extreme anti-immigrant rhetoric and hostility.

Petitioner asks this Court to permit him to proceed pseudonymously because the complaint, declarations, and subsequent filings will contain highly sensitive and personal information about his immigration status and history, and because Petitioner, individually and on behalf of all others similarly situated, is challenging the very Proclamation that might subject them to retaliatory removal from the United States if they were identified. Further, Respondents-Defendants

1

("Respondents") will not be prejudiced in their ability to litigate the constitutionality of the Proclamation, and the public's interest in knowing the identity of the Petitioner, which is currently unknown to the public, is minimal. Petitioner is willing to provide the Court with his name. Thus, this Court should protect the Petitioner's safety and liberty interests and grant the Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that the complaint "name all the parties." *See also* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). But the Third Circuit has recognized that courts may allow parties to proceed anonymously or pseudonymously in exceptional cases where parties show a reasonable fear of harm. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Once this showing is met, the court looks to a "non-exhaustive list of factors to be weighed both in favor of anonymity and also factors that favor the traditional rule of openness." *Id.* at 409-10 (adopting balancing test from *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997).

Under *Megless*, the non-exhaustive factors favoring pseudonymity are: (1) the extent to which the identity of the litigant has already been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of those bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identity; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. *Megless*, 654 F.3d at 409.

The district court balances these interests with the following non-exhaustive factors disfavoring pseudonymity: (1) the universal level of public interest in access to the identities of the litigants; (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identity, beyond the public's normal interest in disclosure; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Id.*

Applying these factors, numerous courts have allowed litigants to proceed anonymously and obtain related relief. *See, e.g.*, *Doe v. Unum Life Ins. Co. of Am.*, Civ. No. 13-6900, 2014 WL 1599919 (E.D. Pa. Apr. 18, 2014); *Freedom From Religion Found., Inc. v. Connellsville Area Sch. Dist*, Civ. No. 12-1406, 2013 WL 2296075 (W.D. Pa. May 24, 2013); *Doe v. United Behavioral Health*, Civ. No. 10-5192, 2010 WL 5173206 (E.D. Pa. Dec. 10, 2010); *Provident Life*, 176 F.R.D. at 470. This includes individuals detained by the government. *See, e.g.*, *Doe v. N.J. State Prison*, No. CV 24-8290 (ZNQ) (JTQ), 2024 WL 3738538, at *2 (D.N.J. Aug. 9, 2024) (granting motion to proceed under pseudonym brought by prisoner-turned-informant suing prison facility for its failure to protect him from other prisoners who assaulted him for his cooperation).

## ARGUMENT

Petitioner can readily make the threshold showing of a reasonable fear of harm. Further, the *Megless* factors that favor anonymity weigh entirely in Petitioner's favor here: (1) Petitioner's identity has been kept confidential up to this point, and he is promptly moving to maintain his confidentiality; (2) Petitioner has a substantial interest in maintaining this anonymity because this case contains highly sensitive and personal information about his immigration status and physical characteristics, and Petitioner will likely be subject to removal under the Proclamation if his

3

identity was revealed; (3) Because of the likely harm he would face, there is a strong public interest in preserving Petitioner's confidentiality; (4) Petitioner's challenge concerns a purely legal issue—the legality of summary removals under the Proclamation; (5) Disclosing Petitioner's identity publicly would dissuade him from pursuing this litigation; and (6) Petitioner's has no illegitimate or ulterior motives in his desire to proceed pseudonymously.

On the other hand, the countervailing factors are negligible here. Petitioner is not public figures, and there is no strong public interest in knowing his identity. Rather, any disclosure of his identity to the public or the press would put Petitioner at risk of serious harm or reprisal.

Petitioner is willing to reveal his identity to the Court, if necessary, and to the government so long as the Court requires the government to maintain his confidentiality and prohibit any retaliatory actions.

### I. Petitioner Can Demonstrate a Reasonable Fear of Harm.

As a threshold matter, Petitioner must show that they have a reasonable fear of harm if his identity is disclosed. *Megless*, 654 F.3d, at 408. He can readily make this showing. The Proclamation targets individuals based on their immigration status and physical characteristics such as tattoos, erroneously accusing them of being members of Tren de Aragua ("TdA"). Petitioner's immigration status and history, including fears of persecution in Venezuela, coupled with his physical characteristics that would risk him being (wrongly) identified as a TdA member under the Proclamation, are highly sensitive personal information that warrants granting anonymity. *See* Compl. ¶ 19.

The Proclamation targets Venezuelan noncitizens who are designated by the government as members of TdA. Petitioner fears retaliatory arrest, prosecution, and removal from the United

4

States under the very Proclamation that he, individually and on behalf of all others similarly situated, are challenging. Although Respondents know Petitioner's identity, Petitioner fears future retaliation and summary removal under the Proclamation. Petitioner also fears retaliation in the form of physical violence in Venezuela if his identity were to be revealed and if he were to be removed for being erroneously identified as member of TdA under the Proclamation. *Id.* Courts have granted anonymity in similar situations. *See, e.g. Doe v. Att'y Gen., U.S.*, 307 Fed. App'x 636, 636 n.1 (3d Cir. 2009) (permitting noncitizen petitioner to proceed with a pseudonym based on "legitimate concerns about his safety" if removed from the United States).

Moreover, anti-immigrant rhetoric has reached an all-time high, particularly against *suspected* members of TdA and their families. *See, e.g.*, Layla Ferris, *As Trump puts Aurora, Colorado in Spotlight, Mayor Calls Venezuelan Gang Claims "Grossly Exaggerated,"* CBS News (Oct. 11, 2024), https://perma.cc/Q6HS-S9KP ("*misleading* claims by the former president that the city was a 'war zone' overrun with members of a Venezuelan gang" and "concerns about gang activity have been 'grossly exaggerated')" (emphasis added); Russell Contreras, *Anti-Immigrant Rhetoric Sparks Fears of More Hate Crimes Against Latinos*, Axios (Mar. 7, 2024), https://perma.cc/59K2-ABR8 (noting "[a]nti-Latino hate crimes hit record highs in 2022" and had "a 21% increase in two years"); Human Rights First, *Extremism Fact Sheet* (March 2023), https://perma.cc/GJY2-D3PX (noting a "growth and normalization of xenophobic and anti-immigrant extremism" and its "wide-ranging impact"). Considering this growing rhetoric, Petitioner reasonably fears retaliation for him and for his family from participating in this lawsuit if his identity were revealed. *See Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) ("courts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk

5

of harm from third parties unaffiliated with the case."); *Doe #1 v. Syracuse Univ.*, No. 5:18-CV-0496 (FJS/DEP), 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018) ("There is plainly a serious stigma associated with allegations of this nature and, should their identities be made public, plaintiffs could be permanently marked as possessing the character traits attributed to them by [defendants]."). Prior litigation over the Proclamation has resulted in worldwide publicity. Public disclosure of Petitioner's name runs a risk of identifying his family, thus potentially putting those family members at risk.

Accordingly, Petitioner can demonstrate that he has a reasonable fear of harm.

**II. The *Megless* Factors Favoring Pseudononymity Strongly Favor Petitioner.**

**A. Petitioner's Identities Have Been Kept Confidential to Date.**

The first *Megless* factor weighs in favor of granting anonymity. To date, Petitioner has maintained his confidentiality. He is a private individual, not a public figure. While his identity is known to the United States government, which holds him in custody, he has retained his anonymity from the public, which weighs in favor of allowing the Petitioner to continue proceeding anonymously. Additionally, he has acted promptly here to maintain his anonymity by filing this request to proceed under pseudonym on the same day as the complaint. *See L.A. v. Hoffman*, No. 14-6895 (FLW) (DEA), 2015 WL 4461852, at *2 (D.N.J. July 21, 2015) (granting plaintiffs' request to proceed anonymously in part because plaintiffs acted promptly by filing request to proceed anonymously on the same day as filing their complaint).

And courts have routinely treated immigration matters, like the ones here, "with sensitivity under the Federal Rules of Civil Procedure and the INA." *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019); *MM v. Mayorkas*, No. 24-cv-02090, 2024 WL 1795766, at *2 (S.D.N.Y. Apr.

6

25, 2024) (granting motion to proceed anonymously where "[t]he facts underlying [p]laintiff's claim" involved a "highly sensitive and personal matter"); *MO v. Mayorkas*, No. 23-cv-06609-FPG, 2023 WL 7300960, at *2 (W.D.N.Y. Nov. 6, 2023) (permitting plaintiff, an asylum seeker, to proceed under a pseudonym). Indeed, the Third Circuit regularly permits noncitizens petitioning for review of immigration cases to proceed under their initials. *See, e.g.*, *E.O.H.C. v. Sec'y, U.S. Dep't of Homeland Sec.*, 950 F.3d 177 (3d Cir. 2020); *B.C. v. Att'y Gen. United States*, 12 F.4th 306 (3d Cir. 2021).

### B. Petitioner Has Substantial Interest in Preventing Disclosure of his Identity.

The second *Megless* factor asks, "[W]hat harm is the litigant seeking to avoid, and is the litigant's fear reasonable?" *Megless*, 654 F.3d at 410. Cases that have been found to meet the criteria for anonymity involve matters that are of a "highly sensitive and personal nature, real danger of physical harm, or circumstances where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Univ. of Scranton*, No. 3:19-CV-1486, 2020 WL 1244368, at *1 (M.D. Pa. Mar. 16, 2020) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 703 (10th Cir. 1998)). As explained above, Petitioner is at risk of a litany of substantial harms, ranging from retaliatory arrest, prosecution, and removal from the United States, if his identity is released. And if Petitioner is removed to Venezuela under the Proclamation, he is likely to face further harm, including physical harm, as a suspected gang member. *See J.G.G. v. Trump*, No. 1:25-cv-766-JEB (D.D.C. Mar. 28, 2025), ECF No. 67-3 (Hanson Decl.) ¶ 28. In the current climate in the United States, they also fear harm or retaliation against their families if their names are made public.

### C. The Public Interest Weighs in Favor of Maintaining the Confidentiality of Petitioner's Identity, and Petitioner Bring a Purely Legal Challenge.

The third and fourth *Megless* factors similarly weigh in Petitioner's favor. In contrast with

7

the Petitioner's heightened interest in confidentiality discussed in the previous section, the public's interest in knowing his identity is minimal. Although the *issues* in this lawsuit are a matter of significant public concern because they involve governmental entities and actors, the *identity* of the Petitioner will add little to the public understanding of the case. *See Provident Life*, 176 F.R.D. at 468 (noting that the use of a pseudonym would not interfere with the public's right to follow the proceedings); *see also Doe v. CoreCivic, Inc*, No. 20-cv-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) (finding public interest weighed in favor of anonymity when "most of the pertinent facts [are] made on the public record" and the only non-public aspect "is [plaintiff's] actual identity."). The public will have access to the filings and proceedings in this case. The use of a pseudonym would not hinder the public's right to information about the ultimate legal questions at issue. Thus, the public interest weighs in favor of granting the Petitioner's motion.

Furthermore, this case is based purely on questions of law—*i.e.*, the lawfulness of the Proclamation and its implementation by Respondents. This case depends primarily on the resolution of purely legal questions about the legality of the Proclamation, and not on Petitioner's credibility. *See Doe v. Pa. Dep't of Corr.*, 585 F. Supp. 3d 797, 807 (W.D. Pa. 2022) ("Anonymity is favored when the case involves issues purely of law. A highly fact-dependent case weighs against anonymity.") (internal citations omitted). The only adverse party here is the federal government and all Respondents are sued in their official capacity, which supports anonymity because suits against the government involve no injury to the government's reputation.

### D. Denying Anonymity to Petitioner Would Jeopardize His Pursuit of the Relief Sought.

Should this Court deny Petitioner's motion to proceed pseudonymously, he would be deterred from seeking relief here. "Courts have generally recognized the *in terrorem* effect of

8

inquiring into a party's immigration status when irrelevant to any material claim" that would "present a danger of intimidation that would inhibit plaintiffs in pursuing their rights." *Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (cleaned up); *see also Zeng Liu v. Donna Karan International, Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002) (finding that disclosing immigration status when not relevant to the case presents a "danger of intimidation . . . [that] would inhibit plaintiffs in pursuing their rights."); *CoreCivic, Inc*, 2020 WL 3640058, at *2 ("important to preventing additional psychological harm and humiliation."). As discussed above, though Petitioner's immigration status is merely collateral to his claims challenging the lawfulness of the Proclamation, Petitioner faces a real threat of removal from the United States, danger in his home country, or harassment in the United States was he to participate publicly in constitutional litigation of extreme importance. *See generally* Compl. Therefore, Petitioner has strong justification for their desire to proceed anonymously.

E. **Petitioner Has No Illegitimate or Ulterior Motive in Asking to Proceed Pseudonymously.**

Petitioner has no illegitimate or ulterior motive in asking to proceed pseudonymously. The request is purely based on his desire to keep sensitive information about his identity and immigration status private. Petitioner would face substantial stigma and harm if he was erroneously identified as a member of TdA, both in the United States and if removed to Venezuela.

III. **The Countervailing *Megless* Factors Supporting Disclosure are Negligible Here.**

As stated above, while the *issues* in this lawsuit are of substantial public interest, the *identities* of Petitioner will add little to the public understanding of this case. Furthermore, the litigant is not a public figure, and there is little interest in knowing his identity beyond the normal public interests in disclosure.

9

## CONCLUSION

Petitioner respectfully request that this Court grant his Motion to permit Petitioner to proceed under a pseudonym. The Court should also require the government to maintain his identity confidential and prohibit any retaliatory actions.

Dated: April 15, 2025

Respectfully submitted,

/s/ Vanessa L. Stine

| | |
|---|---|
| Lee Gelernt (NY 2502532)* | Vanessa L. Stine (PA 319569) |
| Daniel Galindo (CA 292854)* | Witold J. Walczak (PA 62976) |
| Ashley Gorski (NY 4874228)* | Keith Armstrong (PA 334758)* |
| Patrick Toomey (4983979)* | AMERICAN CIVIL LIBERTIES UNION |
| Sidra Mahfooz (NY 5782693)* | OF PENNSYLVANIA |
| Omar Jadwat (NY 4118170)* | |
| Hina Shamsi (NY 2995579)* | P.O. Box 60173 |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | Philadelphia, PA 19102 |
| 125 Broad Street, 18th Floor | T: 215-592-1513 |
| New York, NY 10004 | F: 267-573-3054 |
| T: (212) 549-2660 | E: vstine@aclupa.org |
| F: (212) 519-7871 | E: karmstrong@aclupa.org |
| E: lgelernt@aclu.org | |
| E: dgalindo@aclu.org | P.O. Box 23058 |
| E: agorski@aclu.org | Pittsburgh, PA 15222 |
| E: ptoomey@aclu.org | T: 412-681-7864 |
| E: smahfooz@aclu.org | F: 267-573-3054 |
| E: ojadwat@aclu.org | E: vwalczak@aclupa.org |
| E: hshamsi@aclu.org | |
| | |
| Noelle Smith (CA 344481)* | |
| Oscar Sarabia Roman (CA 341385)* | Attorneys for Petitioner-Plaintiff |
| My Khanh Ngo (CA 317817)* | *Pro hac vice applications forthcoming |
| Cody Wofsy (CA 294179)* | |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | |
| 425 California Street, Suite 700 | |
| San Francisco, CA 94104 | |
| T: (415) 343-0770 | |
| F: (212) 519-7871 | |
| E: nsmith@aclu.org | |

E: osarabia@aclu.org  
E: mngo@aclu.org  
E: cwofsy@aclu.org