IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

A.S.R., individually and on behalf of all others    )
similarly situated,                                  )
       Petitioner-Plaintiff                  )
                                                 )
       v.                                    )      Civil No. 25-113
                                                 )
DONALD J. TRUMP, et al.,                             )
       Respondents                           )

## BRIEF CONCERNING JURISDICTION

AND NOW, come Respondents by their attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Laura S. Irwin and Michael Leo Ivory, Assistant United States Attorneys for said district, and hereby submit the following Brief Concerning Jurisdiction, stating:

As recounted more fully in the Respondents' initial pleading, Tren de Argua ("TdA") is a narco-terrorist criminal organization that has co-opted significant portions of the regime of Nicolas Maduro. ECF No.26 at pp.3-8, 17-20. As a member of TdA, Petitioner A.S.R. is subject to removal from the United States pursuant to the Alien Enemies Act, 50 U.S.C. § 21; as an illegal alien, he is subject to removal under Title 8 of the United States Code.

## I.    Factual and procedural background

A.S.R. is a native and citizen of Venezuela; he illegally entered the United States from Mexico on or about November 22, 2023. Supplemental Declaration of David O'Neill ¶6, attached hereto as Ex.A. That same day, he and his family were encountered by a unit of the United States Border Patrol near El Paso, Texas. *Id.* ¶7. A.S.R. was processed and released on his own recognizance due to a lack of bed space. *Id.*

On December 11, 2023, A.S.R. was arrested by the New York City Police Department after he punched his juvenile stepson in the nose; he was charged with Assault 3rd Degree with Intent to Cause Physical Injury, Act in a Manner to Injure a Child less that 17; Attempted Assault 3rd Degree with Intent to Cause Physical Injury; and Harassment 2nd Degree, Physical Contact. Ex.A ¶8. The State of New York

does not permit Immigration and Customs Enforcement ("ICE") to access to court records, so the exact disposition of A.S.R.'s criminal case is unascertainable; A.S.R. claims that he entered a diversionary program that included anger management and counseling. *Id.*

On February 26, 2025, A.S.R. reported to ICE's Enforcement and Removal Operations field office and was placed in custody. Ex.A ¶9. He was detained at the Federal Detention Center in Philadelphia from February 26 through March 3, 2025. *Id.* On March 3, 2025, A.S.R. was transferred to the Moshannon Valley Processing Center ("MVPC"), located in Phillipsburg, Pennsylvania. *Id.* ¶10. He remained there until April 15, 2025. *Id.*

While housed at MVPC, A.S.R. was personally served on March 11, 2025 with a Notice to Appear charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for being an alien present in the United States without being admitted or paroled. Ex.A ¶11. Two days later, on March 13, a custody redetermination hearing was held before an Immigration Judge. *Id.* ¶12. The same day, the Immigration Judge denied A.S.R.'s request for a change in custody status, specifically finding that A.S.R. posed a danger to the community. *Id.*[1]

On March 25, 2025, A.S.R. filed an asylum application as his sole form of relief. He is currently scheduled for a master calendar hearing before the Immigration Court in Elizabeth, New Jersey on May 1, 2025. Ex.A ¶13.

On April 15, 2025, A.S.R., on his own behalf and on behalf of others similarly situated, filed in the U.S. District Court for the Western District of Pennsylvania a petition for writ of habeas corpus under 28 U.S.C. § 2241, an emergency TRO application, and a class-certification motion. ECF Nos. 1, 2, 4. Based upon information received from the Clerk of Courts for the U.S. District Court for the Western District of Pennsylvania, the motions were docketed at 10:54 a.m.[2]

---

[1] A.S.R. is being detained pursuant to 8 U.S.C. § 1226(a).

[2] Counsel spoke with an employee of the Clerk's Office who relayed this time. That employee explained that the time at which a lawyer submits a filing to the Court's ECF system is not necessarily the time that it is docketed, due to delay inherent in an electronic filing system. An affidavit containing these details is not included with this filing because, as will be seen, regardless of whether submission or docketing time is used, there is no dispute that A.S.R. was within the Western District of Pennsylvania at both times.

That same day, April 15, ICE transported A.S.R. via land transportation from MVPC to an embarkation location. Ex.A ¶14. The land transport departed MVPC at approximately 11:05 a.m. *Id.* ¶15. The transport departed the Western District to the Middle District of Pennsylvania approximately 10 to 15 minutes later. Ex.A ¶15.[3]

That same day, the Court entered an order enjoining Respondents from removing A.S.R. and any members of the putative class from the United States or from transferring A.S.R. and any putative class members from the Western District of Pennsylvania. ECF No. 8. According to the Clerk's Office, the order was docketed at 3:12 p.m.[4]

The aircraft carrying A.S.R. departed from an airport in the Middle District of Pennsylvania at approximately 3:06 p.m. Ex.A ¶¶16, 17. A.S.R. was formally booked into Bluebonnet Detention Facility at approximately 7:30 p.m. that same evening. Ex.A ¶18.

## II.    Controlling legal authority

The Supreme Court has made clear that in "core" habeas petitions—*i.e.*, petitions like the instant one that challenges a petitioner's present physical confinement—the petitioner must file the petition in the district in which he is confined (*i.e.*, the district of confinement) and name his warden as the respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004). In other words, for "core" petitions "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447; *see also id.* at 443 (explaining that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). *See also Jennings v. Holt*, 326 F. App'x 628, 630 (3d Cir. 2009) (citing *Padilla*,

---

[3] The Western District of Pennsylvania does not include Dauphin County, s*ee* justice.gov/usao-wdpa/about-the-district (last visited April 24, 2025), instead, Dauphin County lies within the Middle District of Pennsylvania, *see* justice.gov/usao-mdpa/about-the-district (last visited April 24, 2025).

[4] Counsel spoke with an employee of the Clerk's Office of the Western District of Pennsylvania who relayed this time. An affidavit containing this detail is not included with this filing because during the recent Status Conference, there appeared to be no dispute as to the time of this filing.

542 U.S. at 443). A court also has venue over a § 2241 petition when the petitioner and his or custodian are located in the same district. *E.g., Nasereddin v. Department of Homeland Security*, 2007 WL 1276955, at *2 (E.D. Pa. Apr. 27, 2007) (citations omitted); *see also, Donahue v. Schultz*, 2007 WL 172334, at *2 (E.D. Pa. Jan. 22, 2007).

"[W]hen the Government moves a habeas petitioner after [ ]he properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction…." *Padilla*, 542 U.S. at 441 (citing *Ex parte Endo*, 323 U.S. 238 (1944)); *see also*, *Anariba v. Director Hudson County Correctional Center*, 17 F.4th 434, 445-46 (3d Cir. 2021) ("[T]the government's post-filing transfer of a § 2241 petitioner out of the court's territorial jurisdiction does not strip the court of jurisdiction over the petition.") (citation omitted). In other words, "a habeas court with jurisdiction does not lose it because the detainee has been moved out of the district." *Khalil v. Joyce*, ---F. Supp. 3d---, 2025 WL 972959, at *23 (D.N.J. Apr. 1, 2025) (collecting cases).

### III.    Analysis

Because A.S.R. was physically present in the Western District of Pennsylvania until at least 11:15 a.m. on April 15, 2025, Ex.A ℙ15, jurisdiction and venue attached in the Western District when the Petition was filed. *See Padilla*, 542 U.S. at 441, *Anariba*, 17 F.4th at 444-45. This holds true regardless of whether the Court relies upon Petitioner's time of submission of the Petition to the ECF system (a time that Petitioner indicates as 10:38 a.m.) or the time of docketing of the Petition (a time that the Clerk's Office indicates as 10:53 a.m.).

A.S.R. departed the Western District of Pennsylvania at approximately 11:15 a.m., Ex.A ℙ15 and the Middle District of Pennsylvania at approximately 3:06 p.m. *Id.* ℙ17. This physical movement of A.S.R. does not alter the jurisdiction or venue of this Court because jurisdiction and venue attached at docketing of the Petition. *See Padilla*, 542 U.S. at 441; *Anariba*, 17 F.4th at 445-46.[5] At this time, Respondents do not intend to pursue a change of venue.

---

[5] Counsel for Petitioner notified undersigned counsel of A.S.R.'s identity information via email on April 15, 2025 at 8:13 p.m.

Based on the foregoing, Respondents maintain that the Court has jurisdiction and venue in this matter because A.S.R. was physically present in the Western District of Pennsylvania at the time his petition was filed in this District.

Respectfully submitted,

TROY RIVETTI
ACTING UNITED STATES ATTORNEY


*/s/ Michael L. Ivory*
MICHAEL L. IVORY (PA ID 59296)
Assistant U.S. Attorney
Western District of PA
Joseph F. Weis, Jr., U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500
Fax: (412) 644-6995
michael.ivory@usdoj.gov


/s/ *Laura S. Irwin*
LAURA S. IRWIN
Assistant U.S. Attorney
Western District of PA
Joseph F. Weis, Jr., U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500
Fax: (412) 644-6995
laura.irwin@usdoj.gov