IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.S.R., individually and on behalf of all others similarly situated,<br><br>*Petitioner–Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>*Respondents–Defendants*. | Case No. 3:25-cv-00113 |

**MOTION TO LIFT DOCKET ACCESS RESTRICTIONS**

Petitioner respectfully requests that this Court lift the limitations on remote access to electronic files, applicable to immigration cases by Fed. R. Civ. P. 5.2(c). Petitioner's counsel asked Respondent's counsel for their position on this motion beginning four days ago, but have still not received the government's position.

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). The public's right of access entails "a pervasive common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (citation omitted). Any opposition to opening the record must identify the stated injury with "specificity." *Id*. at 194.

This case is one of approximately five similar cases pending in district courts around the country challenging the constitutionality of removing Venezuelan immigration detainees under the Alien Enemies Act. The matter under consideration is one of immense public importance. The U.S. Government has invoked the Alien Enemies Act ("AEA"), 50 U.S.C. § 21, *et seq.*, for only the

1

fourth time in history, and the first time it is attempted outside of a declared war or against a non-state actor.

Under Rule 5.2(c), court records are not under seal, and are still presumptively public. While parties are granted remote access, "any other person may have electronic access to the full record at the courthouse." Given the public interest in, and importance of, this litigation, Petitioner respectfully requests that this Court lift the limitations on remote public access to electronic court files and direct the Clerk's office to take necessary measures to open the record.

Dated: April 25, 2025                                          Respectfully submitted,

/s/ *Vanessa L. Stine*

| | |
|---|---|
| Lee Gelernt (NY 2502532)** | Vanessa L. Stine (PA 319569) |
| Daniel Galindo (CA 292854)** | Witold J. Walczak (PA 62976) |
| Ashley Gorski (NY 4874228)* | Keith Armstrong (PA 334758)** |
| Patrick Toomey (4983979)* | AMERICAN CIVIL LIBERTIES UNION |
| Sidra Mahfooz (NY 5782693)* | OF PENNSYLVANIA |
| Omar Jadwat (NY 4118170)* | |
| Hina Shamsi (NY 2995579)* | P.O. Box 60173 |
| AMERICAN CIVIL LIBERTIES UNION | Philadelphia, PA 19102 |
| FOUNDATION | T:  215-592-1513 |
| 125 Broad Street, 18th Floor | F: 267-573-3054 |
| New York, NY 10004 | E:  vstine@aclupa.org |
| T: (212) 549-2660 | E:  karmstrong@aclupa.org |
| F: (212) 519-7871 | |
| E: lgelernt@aclu.org | P.O. Box 23058 |
| E: dgalindo@aclu.org | Pittsburgh, PA 15222 |
| E: agorski@aclu.org | T:  412-681-7864 |
| E: ptoomey@aclu.org | F: 267-573-3054 |
| E: smahfooz@aclu.org | E:  vwalczak@aclupa.org |
| E: ojadwat@aclu.org | |
| E: hshamsi@aclu.org | |
| | |
| Noelle Smith (CA 344481)** | |
| Oscar Sarabia Roman (CA 341385)** | Attorneys for Petitioner-Plaintiff |
| My Khanh Ngo (CA 317817)** | *Pro hac vice applications forthcoming* |
| Cody Wofsy (CA 294179)** | **Admitted pro hac vice* |
| AMERICAN CIVIL LIBERTIES UNION | |

FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
F: (212) 519-7871
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org
E: cwofsy@aclu.org