IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.S.R., *On his own behalf and on behalf of others similarly-situated* )<br>)<br>)<br>Petitioner, )<br>v. )<br>)<br>DONALD J. TRUMP, *In His Official Capacity as President of the United States*, )<br>*et al.*, )<br>)<br>Respondents. ) | Civil No. 3:25-cv-00113<br>Judge Stephanie Haines |

**MEMORANDUM OPINION**

Currently pending before the Court are two primary issues: (1) the question of this Court's jurisdiction over Petitioner A.S.R.'s ("A.S.R") "Class Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief[,]" (the "Petition"), (ECF No. 1), and (2) the question of how this case will advance in light of the fact that this Court finds it does have jurisdiction over the Petition.

I. **Relevant Background and Operative Legal Principles[1]**

As the Supreme Court has explained, President Donald J. Trump ("President Trump") recently "issued Proclamation No. 10903, involving the Alien Enemies Act (AEA), Rev. Stat. §4067, 50 U.S.C. § 21, to detain and remove Venezuelan nationals 'who are members of TdA.'" *Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097 (U.S. Apr. 7, 2025). In relevant part, the AEA provides as follows:

> Whenever there is a declared war between the United States and any foreign nation or government, or any invasion or predatory incursion is perpetrated, attempted, or

---

[1] The Court notes that it is today issuing a Memorandum Order regarding A.S.R.'s "Motion for Class Certification and Appointment of Class Counsel" at ECF No. 4. The Court intends that this Memorandum Opinion and that Memorandum Order be read in conjunction with each other. Further, the Court notes that, due to the emergency nature of these proceedings, the Court does not offer as thorough an explanation for its decision as it otherwise would.

> threatened against the territory of the United States by any foreign nation or government, and the President makes public proclamation of the event, all natives, citizens, denizens, or subjects of the hostile nation or government, being of the age of fourteen years and upward, who shall be within the United States and not actually naturalized, shall be liable to be apprehended, restrained, secured, and removed as alien enemies. The President is authorized in any such event, by his proclamation thereof, or other public act, to direct the conduct to be observed on the part of the United States, toward the aliens who become so liable; the manner and degree of the restraint to which they shall be subject and in what cases, and upon what security their residence shall be permitted, and to provide for the removal of those who, not being permitted to reside within the United States, refuse or neglect to depart therefrom; and to establish any other regulations which are found necessary in the premises and for the public safety.

Title 50, United States Code, Section 21.

In *J.G.G.*, the Supreme Court resolved an appeal concerning "the detention and removal of Venezuelan nationals believed to be members of" TdA. *J.G.G.*, 2025 WL 1024097, at *1. In the course of its Opinion resolving that appeal, the Supreme Court held that challenges to "removal under the AEA, a statute which largely precludes judicial review, must be brought in habeas." *Id.* (cleaned up). Further, the Supreme Court explained that, for core habeas petitions, such as these, "jurisdiction lies in only one district: the district of confinement." *Id.* (cleaned up). Finally, the Supreme Court held as follows with respect to the due process that individuals subject to detention and removal under the AEA are due:

> "It is well established that the Fifth Amendment entitles aliens to due process of law" in the context of removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). So, the detainees are entitled to notice and opportunity to be heard "appropriate to the nature of the case." *Mullane v. Central Hanover Banl & Trust Co.*, 339 U.S. 306, 313 (1950). More specifically, in this context, AEA detainees must receive notice after the date of this order that they are subject to removal under the Act. The notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs.

*J.G.G.*, 2025 WL 1024097, at *2.

Following the Supreme Court's ruling in *J.G.G.*, A.S.R. filed his Petition in this case. (ECF No. 1.) In that Petition, A.S.R. represents that he is a "Venezuelan man in immigration custody at risk of imminent removal under [President Trump's] Proclamation invoking the" AEA. (*Id.* at 2). Further, A.S.R. asserts that this Court's "intervention is necessary so that [he] and the putative class are not unlawfully sent to a Salvadoran prison pursuant to the Proclamation, perhaps for the remainder of their lives." (*Id.* at 4).

On the same day that A.S.R. filed his Petition, April 15, 2024, he also lodged his "Emergency Application for a Temporary Restraining Order[,]" (ECF No. 2), and his "Motion for Class Certification and Appointment of Class Counsel[.]" (ECF No. 4). As A.S.R. explains in his Motion for a Temporary Restraining Order, he is not seeking an order from this Court "prohibiting the government from removing any individual who may lawfully be removed under the immigration laws[,]" but rather an injunction "barring [A.S.R. and the putative class's] summary removal *under the AEA* and barring Respondents from relocating them outside of this District pending this litigation." (*Id.* at 4) (emphasis added).[2] Likewise, in his Motion for Class Certification, A.S.R. explains that the proposed class in this matter "does not include individuals who may be removed pursuant to other authorities, such as the immigration laws." (ECF No. 5 at 7).[3]

As the Court noted earlier, it is entering a Memorandum Order today granting A.S.R.'s Motion at ECF No. 5 and certifying the specific class set forth in that Memorandum Order.

---

[2] A.S.R. also clarifies that he is not seeking to enjoin President Trump in this action. The Court notes that it is not today enjoining the President.

[3] The Court stresses that its order today does not bar the Government from removing individuals under provisions of law other than the AEA.

Finally, on April 15, 2025, this Court entered an Order temporarily enjoining Respondents "from either removing Petitioner or any members of the putative class from the United States, or from Transferring Petitioner or any members of the putative class from the Western District of Pennsylvania." (ECF No. 8 at 1). The Court also scheduled an April 18, 2025, hearing on A.S.R.'s Motion for a Temporary Restraining Order. (*Id.* at 2). However, prior to that hearing, events occurred that required the Court to weigh the issue of whether it has jurisdiction over this matter. The Court now turns its attention to those events and that issue.

**II.  Analysis**

    **1.  The Court Has Jurisdiction Over This Case**

In order to resolve the question of whether the Court has jurisdiction over A.S.R.'s Petition, the Court must briefly recount the specific times when: (1) A.S.R. filed his Petition and (2) the Court issued its Order at ECF No. 8 temporarily enjoining respondents.

Per the docket entry accompanying the filing of A.S.R.'s Petition, that document was filed with this Court on April 15, 2025, at 10:38 A.M. Per the docket entry accompanying the filing of this Court's order at ECF No. 8 temporarily enjoining Respondents, that document was filed by this Court on April 15, 2025, at 3:12 P.M.

Thereafter, on April 16, 2025, A.S.R.'s counsel submitted a Notice indicating that, on April 15, 2025, A.S.R. had been moved from Moshannon Valley Processing Center ("MVPC"), which is located in this judicial district, to Bluebonnet Detention Center, which is located in Anson, Texas. (ECF No. 25). As a result of this Notice, as well as argument before the Court on April 17, 2025, (ECF No. 29), the Court ordered the parties to submit additional briefing relative to the jurisdictional issue. (ECF No. 30). The parties submitted that briefing yesterday—April 24, 2025. (ECF Nos. 39–41).

For his part, A.S.R. represents that "Respondents did not remove him from the District until nearly an hour after the Court docketed the habeas petition" (or approximately 11:38 A.M.). (ECF No. 39 at 4). Similarly, Respondents represent that A.S.R. "departed the Western District of Pennsylvania at approximately 11:15 a.m." on April 15, 2025. (ECF No. 41 at 4). In other words, the parties agree that A.S.R. was present in this District when he filed his Petition at 10:38 A.M. on April 15, 2025, and he was no longer in this District when the Court issued its Order at ECF No. 8 at 3:12 P.M. that same day. (ECF Nos. 39, 41).

Therefore, as the parties recognize, because A.S.R. was present in this judicial District when he filed his Petition and named his immediate custodian, this Court has jurisdiction over his Petition, and his subsequent transfer to another district does not deprive this Court of that jurisdiction. *J.G.G.*, 2025 WL 1024097, at *1 ("For core habeas petitions, jurisdiction lies in only one district: the district of confinement.") (cleaned up) (quoting *Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004)); *Anariba v. Dir. Hudson Cty. Corr. Ctr.*, 17 F.4th 434, 445–46 (3d Cir. 2021) (quoting *Padilla* for the principle that, when the "Government moves a habeas petitioner after []he properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

2. **The Court Will Schedule a Preliminary Injunction Hearing and Continue to Bar the Respondents from Removing A.S.R. and the Class in this Matter Without Due Process**

With the issue of jurisdiction resolved, the Court now explains its next steps in this matter. First, this Court reiterates the Supreme Court's holding in *J.G.G.* that "AEA detainees must receive notice … that they are subject to removal under the Act. The notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper

5

venue before such removal occurs." *J.G.G.*, 2025 WL 1024097, at *2. Pursuant to these legal principles, multiple District Courts have barred removal of individuals under President Trump's Proclamation and the AEA absent certain notice requirements. *See, e.g., G.F.F. v. Trump*, No. 25-CV-2886 (AKH), 2025 WL 1166911, at *1 (S.D.N.Y. Apr. 11, 2025) (enjoining Respondents from removing "Petitioners, including members of the certified class … from the United States under the Presidential Proclamation, unless upon notice and hearing, and such notice shall be written in English and Spanish, the language of those sought to be expelled, and if needed, Spanish-to-English interpreters shall be provided for hearings"); *Yostin Sleiker Gutierrez-Contreras v. Warden Desert View Annex*, No. 5:25-CV-911, (C.D. Cal. Apr. 17, 2025) (ECF No. 10) (ordering Respondents "to provide fourteen days notice to Petitioner and his counsel, in writing, prior to attempting to remove, deport, or expel the petitioner out of the United States under the [AEA] or any legal authority other than the Immigration and Nationality Act. Respondents are hereby **ENJOINED** and **BARRED** from removing petitioner under the [AEA] or any legal authority other than the Immigration and Nationality Act without first providing such notice.") (emphasis in original).

Applying these principles, the Court finds that A.S.R. and the class in this case have shown good cause[4] for a continued temporary restraining order barring the Government from removing A.S.R. and/or any member of the certified class under the AEA absent fourteen days "notice and an opportunity to challenge their removal" under that Act. *J.G.G.*, 2025 WL 1024097, at *2; *Bullock v. Carney*, 463 F. Supp. 3d 519, 523 (D. Del. May 29, 2020) (listing the factors for obtaining a temporary restraining order); Fed. R. Civ. P. 65(b)(2) (noting that a court may extend

---

[4] That good cause consists of: (1) Due Process considerations, (2) the fact that the Court needed to receive briefing and resolve the jurisdictional matter in this case, and (3) the fact that the Court likely still needs to accept briefing regarding a preliminary injunction and hold a hearing on such injunction.

a temporary restraining order for fourteen days "for good cause"). Accordingly, the Court will enter such an order, which will expire on **May 13, 2025, at 3:12 P.M.**

Pending that deadline, A.S.R. and the class that he represents may file a motion for a preliminary injunction, with the detailed briefing schedule contained in the forthcoming Order. Should A.S.R. so file, the Court will conduct a hearing on that motion on May 5, 2025.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.S.R., *On his own behalf and on behalf of others similarly-situated*  )<br>)<br>)<br>Petitioner,                                )<br>       v.                                    )<br>)<br>DONALD J. TRUMP, *In His Official Capacity as President of the United States,* )<br>*et al.*,                                      )<br>)<br>       Respondents.               ) | Civil No. 3:25-cv-00113<br>Judge Stephanie Haines |

## ORDER OF COURT

AND NOW, this 25th day of April, 2025, upon due consideration of Petitioner A.S.R.'s "Emergency Application for a Temporary Restraining Order[,]" (ECF No. 2), and for the reasons set forth in the foregoing Memorandum Opinion, IT IS HEREBY ORDERED that the following temporary restraining order shall remain in effect until **May 13, 2025, at 3:12 P.M.**: Respondents, their agents, representatives, and all persons or entities acting in concert with them are hereby:

1. ORDERED, pending further order of this Court, not to remove Petitioners, including members of the certified class defined as "All noncitizens in custody of the Western District of Pennsylvania who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation, who have not been given fourteen (14) days notice following the Supreme Court's decision on April 7, 2025, *Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097, and "an opportunity to challenge their removal" under that Act. *Id.* at *2. The notice to be provided shall be written in English and Spanish, the language of those sought to be expelled, and if needed, Spanish-to-English interpreters shall be provided for any necessary hearings.

Nothing in this order shall prevent the Respondents from removing Petitioner, or any member of the certified class, pursuant to a removal order lawfully issued under the Immigration and Nationality Act.

2. ORDERED, pending further order of this Court, not to transfer: (1) Petitioner A.S.R. from the Northern District of Texas, or (2) the members of the certified class, as defined immediately above, from the Western District of Pennsylvania, pursuant to the Alien Enemies Act. Nothing in this order shall prevent the Respondents from removing Petitioner from the Northern District of Texas, or any member of the certified class from the Western District of Pennsylvania, pursuant to the Immigration and Nationality Act.

IT FURTHER IS ORDERED that Petitioner and the class he represents may file a Motion for a Preliminary Injunction in this matter. Any such Motion and Brief in Support by Petitioner are due on or before **Tuesday, April 29, 2025**. Respondents' Response to any such Motion is due on or before **Thursday, May 1, 2025**. Petitioners may file a Reply on or before **Friday, May 2, 2025**.

IT FURTHER IS ORDERED that, in the event Petitioners do elect to file a Motion for a Preliminary Injunction, the Court will conduct a Preliminary Injunction hearing with all parties on **Monday, May 5, 2025, at 10:00 A.M.** in Courtroom A—Johnstown, Pennsylvania. Counsel for all parties shall be in attendance at the hearing.

IT FURTHER IS ORDERED that this temporary restraining order shall expire upon the earlier of: (1) the Court's resolution of any Motion for a Preliminary Injunction filed by Petitioners or (2) **May 13, 2025, at 3:12 P.M.**

IT IS FURTHER ORDERED that Petitioners' Motion at ECF No. 43 is DENIED AS MOOT in light of the foregoing.

*[signature]*
Stephanie L. Haines
United States District Judge