IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.S.R., *On his own behalf and on behalf of others similarly-situated* <br><br> Petitioner, <br><br> v. <br><br> DONALD J. TRUMP, *In His Official Capacity as President of the United States*, *et al.*, <br><br> Respondents. | Civil No. 3:25-cv-00113 <br> Judge Stephanie Haines |

## MEMORANDUM ORDER

On April 15, 2025, Petitioner A.S.R. ("A.S.R") filed a "Motion for Class Certification and Appointment of Class Counsel[.]" (ECF No. 4).[1] In that document, A.S.R. requests an order certifying the following class in this matter pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2):

> All noncitizens in custody in the Western District of Pennsylvania who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation.

(*Id.* at 1). A.S.R. also requests: (1) an order appointing him as representative of the class, (2) an order appointing his counsel as counsel for the class, and (3) an order "requiring the government to identify members of the class and provide notice when a class member is transferred into the District." (*Id.*).

The Third Circuit has indicated that a class may be certified in the habeas context, at least

---

[1] The Court notes that this Memorandum Order is being docketed the same day as a Memorandum Opinion and Order regarding A.S.R.'s Emergency Motion for a Temporary Restraining Order at ECF No. 2. Because the Court issues this Memorandum Order and that Memorandum Opinion together, and because of the emergency nature of these proceedings, the Court does not presently offer an extensive explanation for its holdings.

1

in certain circumstances. *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 12 F.4th 321, 336 (3d Cir. 2021) ("We have previously held that [8 U.S.C. § 1252(f)(1)] permits *class* declaratory relief") (internal quotation marks and citation omitted) (emphasis added). However, Section 1252(f) also "'prohibits federal courts from granting classwide injunctive relief against the operation of [8 U.S.C.] §§ 1221–123[2].'" *Id.* (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481 (1999)). Therefore, a District Court exceeds its authority when it issues an *injunction* barring the operation of Sections 1221–1232 as against a *class* of aliens. *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 305 n.9 (3d Cir. 2016).

> With respect to class certification:
>
> A federal court may only certify a class for litigation if it determines, after a "rigorous analysis," that the party seeking class certification has met all of the prerequisites of Rule 23. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2008). "Factual determinations necessary to make Rule 23 findings must be made by a preponderance of the evidence." *Id.* at 320. Thus, the "requirements set out in Rule 23 are not mere pleading rules," and the class certification inquiry "requires a thorough examination of the factual and legal allegations." *Id.* at 316. "An overlap between a class certification requirement and the merits of a claim is no reason to decline to resolve relevant disputes when necessary to determine whether a class certification requirement is met." *Id.*
>
> To obtain class certification under Rule 23, [a Petitioner] must satisfy both the conjunctive requirements of subpart (a) and one of the requirements of subpart (b). Fed. R. Civ. P. 23. The touchstones of subpart (a) are: "numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical … of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class.')." *Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Petitioner[] here seek[s] class certification pursuant to Rule 23(b)(2), which requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate regarding the class as a whole." Fed. R. Civ. P. 23(b)(2).

*Thakker v. Doll*, 336 F.R.D. 408, 414 (M.D. Pa. 2020) (cleaned up).

The Court notes that at least one other District Court has certified a class in circumstances

2

that are highly similar to those now before this Court. *G.F.F. v. Trump*, --- F.R.D. ---, 25-CV-2886, 2025 WL 1166482 (S.D.N.Y. Apr. 9, 2025). Further, having considered: (1) A.S.R.'s submissions to this Court, (2) the entire record in this case, and (3) the legal standard set forth in the immediately preceding paragraph, and having conducted the rigorous analysis that the law requires but that cannot be fully set forth in this Memorandum Order given the emergency nature of these proceedings, the Court will certify a class in this matter.

In doing so, the Court finds that Petitioner A.S.R. shall be Class Representative in this matter, and A.S.R.'s counsel can adequately represent all potential class members fairly and adequately. However, the Court does not presently decide whether it will require the "government to identify members of the class and provide notice when a class member is transferred into the District." (ECF No. 4 at 1). The parties may raise that issue and make arguments before the Court at the forthcoming Preliminary Injunction hearing.

Before entering its Order, the Court makes one concluding note. In A.S.R.'s Brief in Support of his Request Class Certification, he explicitly states that the proposed class "does not include individuals who may be removed pursuant to [authorities other than the Alien Enemies Act (the "AEA")], such as the immigration laws." (ECF No. 5 at 7). Indeed, as the Court further explains in its Memorandum Opinion regarding A.S.R.'s Motion for a Temporary Restraining Order, the Court is only concerned in these proceedings with the constitutionality of certain Executive Branch action as against A.S.R. and the relevant class under the AEA and President Donald J. Trump's Proclamation invoking the AEA. That fact is important because, as the Court articulated above, it cannot issue injunctive relief barring the operation of Title 8, United States Code, Sections 1221–1232 as against a class of aliens. *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 305 n.9 (3d Cir. 2016). Therefore, the Court takes care to craft the class it

3

certifies such that it only includes individuals in the Western District *insofar as they are subject to the Presidential Proclamation under the AEA.*

Accordingly, the Court enters the following Order:

## ORDER

AND NOW, this 25th day of April, 2025, IT IS ORDERED that, for purposes of this habeas action, the Court certifies the following class:

> All noncitizens in custody in the Western District of Pennsylvania who were, are, or will be subject to the March 2025 Presidential Proclamation entitled "Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua" and/or its implementation, who have not been given fourteen (14) days notice following the Supreme Court's decision on April 7, 2025, *Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097, and "an opportunity to challenge their removal" under that Act. *Id.* at *2. The notice to be provided shall be written in English and Spanish, the language of those sought to be expelled, and if needed, Spanish-to-English interpreters shall be provided for any necessary hearings.

IT IS FURTHER ORDERED that Petitioner A.S.R. is Class Representative, and Petitioner A.S.R.'s counsel is appointed as class counsel.

IT IS FURTHER ORDERED that the parties may raise the issue of whether the "government [must] identify members of the class and provide notice when a class member is transferred into the District" at the forthcoming Preliminary Injunction hearing before this Court.

                                                                               */s/ Stephanie L. Haines*
Stephanie L. Haines
United States District Judge