IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.S.R., individually and on behalf of all others similarly situated,<br><br>*Petitioner–Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>*Respondents–Defendants*. | Case No. 3:25-cv-00113 |

## MOTION FOR CLASSWIDE PRELIMINARY INJUNCTION

Petitioner-Plaintiff A.S.R. ("Petitioner"), on behalf of himself and the class of similarly situated persons, hereby moves this Court under Federal Rule of Civil Procedure 65 for a preliminary injunction to enjoin Respondents from removing Petitioner or members of the certified class from the United States under the Alien Enemies Act. As grounds therefor, Petitioner avers as follows:

1. Petitioner incorporates by reference as if pled herein the facts in the Petition (ECF No. 1), the Gian-Grasso declarations (ECF No. 1-2 and 39-7), A.S.R.'s declaration (ECF No. 39-6), and the declarations attached to the Brief in Support of Motion for Preliminary Injunction, which is being filed in conjunction with this motion.

2. Petitioner incorporates by reference as if pled herein the legal arguments in the Brief in Support of Motion for Preliminary Injunction, which is being filed in conjunction with this motion.

3. As argued more fully in the accompanying memorandum, Petitioner will be able to establish that (1) he is likely to succeed on the merits, (2) he will suffer irreparable harm without preliminary relief, (3) the balance of equities favors an injunction, and

1

(4) an injunction is in the public interest. *Veterans Guardian VA Claim Consulting LLC v. Platkin*, 133 F.4th 213, 218 (3d Cir. 2025) (*citing Winter v. NRDC*, 555 U.S. 7, 20 (2008)).

4. Specifically, Petitioner is likely to prevail on the argument that the Proclamation violates the AEA, the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment to the U.S. Constitution because summary removals without notice and a meaningful opportunity to challenge "Alien Enemy" designations violate the AEA and Constitutional Due Process requirements, and the Proclamation itself does not fall within the statutory bounds of the AEA. Moreover, the Proclamation violates the specific protections that Congress established under the INA for noncitizens seeking humanitarian protection.

5. Petitioner, and class members, face immediate, irreparable harm absent an injunction. Without preliminary relief, Petitioner and members of the class can be summarily removed to places, such as El Salvador, where they face life-threatening conditions, persecution, and torture, and to a place where the government takes the position it will not remedy any wrongful removals. *See Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *2 (4th Cir. Apr. 17, 2025) ("the United States and the El Salvadoran governments disclaim any authority and/or responsibility to return" noncitizen deported to El Salvador); *Trump v. J.G.G.*, 145 S. Ct. 1003, 1110-11 (2025) (Sotomayor, J., dissenting) ("[I]nmates in Salvadoran prisons are 'highly likely to face immediate and intentional life-threatening harm at the hands of state actors.'"). *See, e.g.*, *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 733 (D.C. Cir. 2022) (irreparable harm exists where petitioners "expelled to places where they will be persecuted or tortured").

6. The balance of equities and the public interest factors merge in cases against the government. Here, the balance of hardships overwhelmingly favors Petitioner. A Tenth Circuit motions panel just held that the government made no showing of irreparable injury from a District of Colorado temporary restraining order enjoining transfers and AEA removals out of the that district, pointing out that the petitioners and "[a]ll members of the class are in federal custody." Order, *D.B.U. v. Trump*, No. 25-1164 (10th Cir. Apr. 29, 2025), Document No. 31. The public has a critical interest in preventing wrongful removals to places where individuals will face persecution and torture. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (describing the "public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm"). Government Respondents can make no comparable claim to harm from an injunction because they will retain the ability to prosecute criminal offenses, detain noncitizens, and remove noncitizens under existing statutory immigration laws.

7. This Court should include classwide relief in its preliminary injunction, as it did in the TRO Order. ECF Nos. 44, 45.

8. Petitioner also asks that the Court extend, expand, and more clearly delineate due process requirements from those ordered in the TRO. *First*, Petitioner asks the Court for 30 days, not fourteen days, of notice of AEA designation ahead of removal. *Second*, Petitioner asks the Court to require notice to class counsel of designation of any individual currently detained in the Western District of Pennsylvania or anyone designated after this Court's order on April 15, 2025. *Third*, Petitioner moves this Court to enjoin transfer of class members outside of the Western District of

Pennsylvania and to return Petitioner to the Western District.

9. Finally, this Court should continue to waive posting of any bond. *See, e.g., Temple Univ. v. White*, 941 F.2d 201, 219–20 (3d Cir. 1991).

WHEREFORE, Petitioner, on behalf of himself and the class of similarly situated detainees, respectfully requests that this Court:

a) Declare that Petitioner is likely to prevail on the merits of his constitutional and statutory challenges to the Alien Enemies Act, 50 U.S.C. §§ 21-24, and otherwise satisfies the four-part test for granting of a preliminary injunction;

b) Enjoin Respondents, their employees, assigns and all persons doing business with them from removing Petitioner and any members of the certified class from this country under the Alien Enemies Act;

c) Enjoin Respondents, their employees, assigns and all persons doing business with them from transferring any members of the certified class from the District;

d) Order Respondents to return A.S.R. to the Western District of Pennsylvania;

e) Order Respondents to provide at least thirty (30) days notice prior to any removals under the Alien Enemies Act; and

f) Order Respondents to provide class counsel with notice of the designation of alien enemies within the Western District of Pennsylvania, including:

   a. Any individual who is currently detained in the Western District of Pennsylvania;

   b. Any individual who was previously detained in the Western District of Pennsylvania beginning April 15, 2025; and

   c. Any individual who was previously designated and then transferred into the

Western District of Pennsylvania.

| | |
|---|---|
| Dated: April 29, 2025 | Respectfully submitted, |
| | /s/ Vanessa L. Stine |
| Lee Gelernt (NY 2502532)** | Vanessa L. Stine (PA 319569) |
| Daniel Galindo (CA 292854)** | Witold J. Walczak (PA 62976) |
| Ashley Gorski (NY 4874228)** | Keith Armstrong (PA 334758)** |
| Patrick Toomey (4983979)** | AMERICAN CIVIL LIBERTIES UNION |
| Sidra Mahfooz (NY 5782693)* | OF PENNSYLVANIA |
| Omar Jadwat (NY 4118170)* | |
| Hina Shamsi (NY 2995579)** | P.O. Box 60173 |
| AMERICAN CIVIL LIBERTIES UNION | Philadelphia, PA 19102 |
| FOUNDATION | T:  215-592-1513 |
| 125 Broad Street, 18th Floor | F: 267-573-3054 |
| New York, NY 10004 | E:  vstine@aclupa.org |
| T: (212) 549-2660 | E:  karmstrong@aclupa.org |
| F: (212) 519-7871 | |
| E: lgelernt@aclu.org | P.O. Box 23058 |
| E: dgalindo@aclu.org | Pittsburgh, PA 15222 |
| E: agorski@aclu.org | T:  412-681-7864 |
| E: ptoomey@aclu.org | F: 267-573-3054 |
| E: smahfooz@aclu.org | E:  vwalczak@aclupa.org |
| E: ojadwat@aclu.org | |
| E: hshamsi@aclu.org | |
| | |
| Noelle Smith (CA 344481)** | |
| Oscar Sarabia Roman (CA 341385)** | Attorneys for Petitioner-Plaintiff |
| My Khanh Ngo (CA 317817)** | *Pro hac vice applications forthcoming* |
| Cody Wofsy (CA 294179)** | **Admitted pro hac vice* |
| AMERICAN CIVIL LIBERTIES UNION | |
| FOUNDATION | |
| 425 California Street, Suite 700 | |
| San Francisco, CA 94104 | |
| T: (415) 343-0770 | |
| F: (212) 519-7871 | |
| E: nsmith@aclu.org | |
| E: osarabia@aclu.org | |
| E: mngo@aclu.org | |
| E: cwofsy@aclu.org | |

5