IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

A.S.R., *On his own behalf and on behalf*   )
*of others similarly-situated,*   )
   )
   Petitioner,   )
   )   Civil No. 3:25-cv-00113
   v.   )   Judge Stephanie L. Haines
   )
DONALD J. TRUMP, *In his official*   )
*capacity as President of the United States,*   )
*et al.,*   )
   )
   Respondents.   )

## OPINION

Petitioner A.S.R. brings this lawsuit under 28 U.S.C. § 2241, challenging Respondents'

attempt to remove him from the United States pursuant to the Alien Enemies Act (the "AEA"), 50

U.S.C. § 21, and the Proclamation issued by President Donald J. Trump on March 14, 2025,

entitled "Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren

De Aragua" (the "Proclamation"), 90 Fed. Reg. 13034.  Simultaneous with his initiation of this

habeas action, on April 15, 2025, A.S.R. filed a "Motion for Class Certification and Appointment

of Class Counsel" (the "Motion") (ECF No. 4), along with an accompanying Brief in Support (the

"Brief") (ECF No. 5).[1]

In the Motion, A.S.R. requested an order certifying the following class in this matter

pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2): "All noncitizens in custody in the

Western District of Pennsylvania who were, are, or will be subject to the [Proclamation] and/or its

---

[1] A.S.R. also filed a Motion for Preliminary Injunction (ECF No. 56), which the Court addresses today in a
separate Opinion and Order of Court.

implementation." (ECF No. 4 at 1).[2]

On April 25, 2025, amid the expedited and emergency nature of this case, the Court issued a Memorandum Order regarding class certification without requesting a response from Respondents. (ECF No. 45). In that Memorandum Order, the Court certified the following class:

> All noncitizens in custody in the Western District of Pennsylvania who were, are, or will be subject to the [Proclamation] and/or its implementation, who have not been given fourteen (14) days' notice following the Supreme Court's decision on April 7, 2025, *Trump v. J.G.G.*, [145 S. Ct. 1003 (2025)], and "an opportunity to challenge their removal" under [the AEA]. *Id.* at *2….

(ECF No. 45 at 4).[3]

On May 5, 2025, the Court held a preliminary injunction hearing. (*See* ECF No. 68). At the hearing, the parties discussed class certification. There, the government voiced its objections to class certification.

Subsequent to that hearing, the Court now *sua sponte* considers whether to decertify the class announced in its Memorandum Order at ECF No. 45. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 199 n.12 (3d Cir. 2008) ("[A] district court is free to reconsider its class certification ruling as often as necessary before judgment." (quoting *McNamara v. Felderhof*, 410 F.3d 277, 280–81 (5th Cir. 2005))).

---

[2] A.S.R. also requested: (1) an order appointing him as representative of the class, (2) an order appointing his counsel as counsel for the class, and (3) an order "requiring the government to identify members of the class and provide notice when a class member is transferred into the District." (ECF No. 4 at 1).

[3] The Court also ordered that "Petitioner A.S.R. is the Class Representative, and Petitioner A.S.R.'s counsel is appointed as class counsel." (ECF No. 45 at 4). The Court further ordered that "the parties may raise the issue of whether the 'government [must] identify members of the class and provide notice when a class member is transferred into the District' at the forthcoming Preliminary Injunction hearing before this Court." (*Id.*).

## I.    Class Certification Pursuant to Rule 23

Federal Rule of Civil Procedure 23 sets forth the requirements of class certification.  With

respect to class certification:

> To obtain class certification under Rule 23, [a petitioner] must satisfy both the
> conjunctive requirements of [Rule 23's] subpart (a) and one of the requirements of
> subpart (b).  Fed. R. Civ. P. 23.  The touchstones of subpart (a) are: (1) "numerosity
> (a 'class [so large] that joinder of all members is impracticable'); (2) commonality
> ('questions of law or fact common to the class'); (3) typicality (named parties'
> claims or defenses 'are typical … of the class'); and (4) adequacy of representation
> (representatives 'will fairly and adequately protect the interests of the class.')."
> *Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  Petitioner[] here seek[s]
> class certification pursuant to Rule 23(b)(2), which requires a showing that "the
> party opposing the class has acted or refused to act on grounds that apply generally
> to the class, so that final injunctive relief or corresponding declaratory relief is
> appropriate regarding the class as a whole."  Fed. R. Civ. P. 23(b)(2).

*Thakker v. Doll*, 336 F.R.D. 408, 414 (M.D. Pa. 2020) (cleaned up).

"In deciding whether to certify a class under [Rule] 23, the district court must make

whatever factual and legal inquiries are necessary and must consider all relevant evidence and

arguments presented by the parties." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307

(3d Cir. 2008), *as amended* (Jan. 16, 2009).  "[T]he decision to certify a class calls for findings by

the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met.

Factual determinations supporting Rule 23 findings must be made by a preponderance of the

evidence." *Id.*  "Mere speculation is insufficient" to make a finding that Rule 23's requirements

have been met.  *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 596 (3d Cir. 2012); *see Lloyd v.

City of Phila.*, 121 F.R.D. 246, 249 (E.D. Pa. Aug. 22, 1988) (refusing to certify a class when,

despite plaintiff's "mere speculation" that the class could exceed 10,000 employees, the record

evidence demonstrated that only the four plaintiffs met the class definition).

3

## II.      Rule 23's Numerosity Requirement

Regarding the first factor of a Rule 23(a) analysis—numerosity—the Rule states that the factor is satisfied when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  "'Impracticable does not mean impossible[]' and refers rather to the difficulties of achieving joinder."  *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 249 (3d Cir. 2016), *as amended* (Sept. 29, 2016) (quoting *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993)).  This determination "calls for an inherently fact-based analysis that requires a district court judge to 'take into account the context of the particular case,' thereby providing district courts considerable discretion in making numerosity determinations." *Id.* (quoting *Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014)).  "Practicability of joinder depends on a number of factors, including: the size of the class, ease of identifying members and determining addresses, ease of service on members if joined, geographical dispersion and whether proposed members of the class would be able to pursue remedies on an individual basis." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 74 (D.N.J. 1993) (collecting cases); *see Modafinil*, 837 F.3d at 253.

Notably, "[n]o minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001).  "At the other end of the spectrum, the Supreme Court has stated in dicta that a class of fifteen was 'too small to meet the numerosity requirement.'"  *Modafinil*, 837 F.3d at 250 (quoting *Gen. Tel. Co. of the Nw, Inc. v. EEOC*, 446 U.S. 318, 331 (1980)).  "Although district courts are always under an obligation to ensure that joinder is impracticable, their inquiry into

4

impracticability should be particularly rigorous when the putative class consists of fewer than forty members." *Id.*[4]  Against this legal backdrop, the Court turns its attention to the present matter.

**III.   A.S.R. Has Failed to Satisfy Rule 23's Numerosity Requirement**

A.S.R. argues that "[t]he proposed class easily meets the numerosity requirement because (i) "[s]everal weeks ago, the government identified nationwide 86 people in detention subject to the Proclamation and 172 more who are at liberty[;]" (ii) "the government has engaged in extensive enforcement actions in the Northeast region[, and Moshannon Valley Processing Center"—the processing center in this District where A.S.R. was detained—"is a detention hub for Northeast ICE detention[;]" (iii) "more individuals will be designated under the Proclamation[;]" and (iv) "class members are frequently dispersed in different detention facilities prior to rapid staging for removal." (ECF No. 5 at 8–10).

Although the government did not brief the class certification issue, it nonetheless opposes class certification, as demonstrated at the preliminary injunction hearing.  At the hearing, the government informed the Court that, to its knowledge, there are currently zero individuals in the Western District of Pennsylvania who have been designated under the AEA for detention or removal.  Even A.S.R. has since been moved from Moshannon Valley.  In other words, the government articulated, A.S.R. is requesting to certify a class that has no members.  Additionally, in a Declaration submitted to this Court, Department of Homeland Security Deputy Field Office Director David O'Neill averred that, as of April 16, 2025, he "was unaware of any Venezuelan citizen[s] detained at [Moshannon Valley] who [were] confirmed members of [TdA] and have been, are, or will be subject to the [Proclamation.]"  (ECF No. 26-5 ¶ 18).

---

[4] The Court recognizes that the numerosity standard is relaxed when a petitioner seeks injunctive relief; however, such situation does not dissolve the guardrails of Rule 23(a)(1) altogether. *See Death Row Prisoners of Pa. v. Ridge*, 169 F.R.D. 618, 621 (E.D. Pa. 1996); *see also Weiss v. York Hosp.*, 745 F.2d 786, 808 (3d Cir. 1984).

The Court agrees with the government's opposition and holds that A.S.R. fails to meet the numerosity requirement for class certification.[5]  Turning to the numerosity factors, this Court considers all relevant record evidence and arguments, mindful of the preponderance of the evidence standard and that mere speculation is insufficient to meet that standard.  For the following reasons, the Court finds that the class is not so numerous that joinder of all members is impracticable.

First, regarding the class size, in his Brief, A.S.R. states that there are at least 172 individuals within the proposed class.  That statement incorrectly casts a nationwide scope for the proposed class members.  Rather, in his Motion and Brief, A.S.R. is requesting to certify a class that is limited explicitly to detainees in the Western District of Pennsylvania.  The Court, however, possesses no evidence that there is a single noncitizen in custody in the Western District of Pennsylvania who was, is, or will be subject to the Proclamation and/or its implementation.  Accordingly, the Court finds that the size of the proposed class here—zero—favors denial of class certification.

Second, the Court finds that the factor of the ease of identifying members and determining addresses favors denial of class certification.  Regarding ease of identifying members, the Court today dockets an Opinion and Order of Court holding, *inter alia*, that individuals subject to the Proclamation must receive 21 days' notice in a non-class-action proceeding.  That notice must clearly articulate the fact that the individual detainee is subject to removal under the Proclamation and the AEA.  Thus, an individual who is a noncitizen in custody in the Western District of Pennsylvania and who was, is, or will be subject to the Proclamation and/or its implementation

---

[5] Because of this holding, the Court does not engage in an analysis regarding the other three Rule 23(a) factors: commonality, typicality, and adequacy of representation.

will be easily identified as a would-be class member.[6]  Furthermore, if a non-party meets such definition, they will be detained at Moshannon Valley—the only ICE detention facility in this District—making the determination of an address easy: 555 GEO Drive, Philipsburg, PA 16866. For these same reasons, the Court also finds that the third factor—ease of service on members if joined—favors denial of class certification.

Fourth, the geographical dispersion factor favors denial of class certification.  In *Trump v. J.G.G.*, the Supreme Court held that the district to resolve a challenge such as A.S.R.'s is the district of confinement.    145 S. Ct. 1003, 1006 (2025) ("[V]enue lies in the district of confinement.").  Thus, there is no geographical dispersion of the proposed class outside of the confines of the Western District of Pennsylvania.

Finally, the Court has no evidence to find that the proposed members of the class would be unable to pursue remedies on an individual basis.  Accordingly, the fifth and final factor favors the denial of class certification.

In sum, an examination of the following factors favors the practicability—not the impracticability—of joinder: the size of the class, ease of identifying members and determining addresses, ease of service on members if joined, geographical dispersion, and whether proposed members of the class would be able to pursue remedies on an individual basis.  Therefore, A.S.R.'s proposed class fails to meet the numerosity requirement.[7]

---

[6] Also, as A.S.R. notes in his Brief, the U.S. Immigration and Customs Enforcement tracks the TdA members who are amendable to removal proceedings under the AEA and Proclamation.  (ECF No. 5 at 9).

[7] The Court notes that A.S.R. requests the alternative relief of "certify[ing the class] under habeas equity principles." (ECF No. 5 at 17).  As this Court previously noted: The Third Circuit has indicated that a class may be certified in the habeas context, at least in certain circumstances.  *See Gayle v. Warden Monmouth Cty. Corr. Inst.*, 12 F.4th 321, 336 (3d Cir. 2021).  However, *Gayle* involved a habeas class certification pursuant to Rule 23.  This Court is unaware of any case in which the Third Circuit has sanctioned an independent equity track for habeas-specific class action cases.  A.S.R. does point to other cases where circuit courts found that district courts appropriately relied on the All Writs Act to fashion

### IV.    Conclusion

Pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), and for the foregoing reasons, the Court decertifies the class announced in its Memorandum Order at ECF No. 45.

An appropriate Order follows.

DATED: May 13, 2025

**STEPHANIE L. HAINES**
**U.S. DISTRICT COURT JUDGE**

---

relief analogous to a class action. Nevertheless, even in those cases, the courts still considered the Rule 23 factor of numerosity, and thus class size. *See, e.g.*, *Mead v. Parker*, 464 F.2d 1108, 1112–13 (9th Cir. 1972) ("Nor can we agree that a petition for a writ of habeas corpus can never be treated as a class action. Certainly the usual habeas corpus case relates only to the individual petitioner and to his unique problem. But there can be cases, and this is one of them, where the relief sought can be of immediate benefit to a *large* and amorphous group." (emphasis added)); *Williams v. Richardson*, 481 F.2d 358, 361 (8th Cir. 1973) (examining whether a "*large* group of [habeas] petitioners" could proceed in a class action (emphasis added)). Accordingly, the Court denies A.S.R.'s alternative relief request because he still must meet the numerosity factor, and for the reasons discussed above, he fails to meet that factor.