IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.S.R., individually and on behalf of all others similarly situated,<br><br>*Petitioner–Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants*. | Case No. 3:25-cv-00113 |

### PETIETIONER-PLAINTIFF'S MOTION FOR LEAVE TO FILE DECLARATION

Petitioner-Plaintiff ("Petitioner") respectfully seeks leave to file the declaration of Amy Belsher (attached as Exhibit 1). Respondents-Defendants ("Respondents") filed, along with their Opposition to Petitioner's Motion for Reconsideration, the supplemental declaration of Deputy Field Office Director David O'Neill. ECF No. 83-1. The O'Neill Supplemental Declaration asserts that "[a]s of June 3, 2025," there is no one "detained by ICE in the Western District of Pennsylvania who ha[s] been designated under" the President's March 2025 Proclamation invoking the Alien Enemies Act against alleged members of Tren de Aragua. *Id.* ¶ 6.

Information in the Belsher Declaration highlights the shortcomings in the limited information provided in the O'Neill Declaration, in light of a similar representation by the government in *G.F.F. v. Trump*, No. 1:25-cv-2886 (S.D.N.Y.), another class action lawsuit challenging the Proclamation. As the Belsher Declaration describes, in *G.F.F.*, the government moved to vacate class certification on the basis that the class did not meet Rule 23's numerosity requirement and represented to the court that there were only eight Venezuelan citizens with

1

alleged TdA membership detained in the only ICE detention facility in the district. Belsher Decl. ¶ 2. However, as of May 23, the government had identified 21 potential class members in that district since that litigation was filed on April 8. *Id.* ¶¶ 3, 5. Further, two of those individuals were subsequently detained within the Western District of Pennsylvania. *Id.* ¶ 4. This evidence will aid the Court in evaluating the problems with the O'Neill Declaration's snapshot view of the putative class here. It provides comparison to another district where fuller information is available to all parties and demonstrates the fluidity of the class. And, most importantly, it provides information that two individuals originally arrested in the Southern District of New York were detained within this District and at imminent risk from the Proclamation just eleven days before the execution of the O'Neill Declaration stating that no one detained in the District was designated under the Proclamation on one particular day. This additional information will aid the Court in evaluating Petitioner's argument that he has satisfied the numerosity requirement of Rule 23.

      Petitioner therefore respectfully requests leave to file the Belsher Declaration as additional evidence in support of his Motion for Reconsideration, alongside his reply. *See Bank of Am. v. Prosser*, 2016 WL 4581406, *2 (D. V.I. Aug. 31, 2016) (plaintiff could respond to new factual allegations raised in opposition). This Court has discretion to consider this evidence. *See Johnson v. Walmart Stores East, LP*, 2025 WL 885589, *1 n.1 (D. N.J. Mar. 21, 2025) (district court exercising discretion to consider affidavit on sur-reply because its inclusion "creates a more complete record and will allow the Court to more fully and fairly evaluate [the] motion"). The inclusion of the Declaration is also fair to Respondents, because it provides solely information already available to government counsel about similar litigation in another district and about individuals detained in government custody. This information is, in fact, readily available to

Respondents—as the O'Neill Supplemental Declaration illustrates. Placing it before this Court will aid in more fully evaluating the numerosity of the putative class.

The Court should therefore grant leave to file the Belsher Declaration. A proposed order is attached for the Court's convenience.

Dated: June 6, 2025

Noelle Smith (CA 344481)**
Oscar Sarabia Roman (CA 341385)**
My Khanh Ngo (CA 317817)**
Cody Wofsy (CA 294179)**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
F: (212) 519-7871
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org
E: cwofsy@aclu.org

Vanessa L. Stine (PA 319569)
Witold J. Walczak (62976)
Keith Armstrong (PA 334758)**
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA

P.O. Box 60173
Philadelphia, PA 19102
T:  215-592-1513
F: 267-573-3054
E:  vstine@aclupa.org
E:  karmstrong@aclupa.org

247 Ft. Pitt Blvd., 2d Fl.
Pittsburgh, PA 15222
T:  412-681-7864
F: 267-573-3054
E:  vwalczak@aclupa.org

Respectfully submitted,

*/s/ Lee Gelernt*
Lee Gelernt (NY 2502532)**
Daniel Galindo (CA 292854)**
Ashley Gorski (NY 4874228)**
Patrick Toomey (4983979)**
Omar Jadwat (NY 4118170)**
Hina Shamsi (NY 2995579)**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 519-7871
E: lgelernt@aclu.org
E: dgalindo@aclu.org
E: agorski@aclu.org
E: ptoomey@aclu.org
E: ojadwat@aclu.org
E: hshamsi@aclu.org

Attorneys for Petitioner-Plaintiff
**Admitted pro hac vice*