IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.S.R., ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil No. 3:25-cv-00113 |
| ) | Judge Stephanie L. Haines |
| DONALD J. TRUMP, *In his official* ) | |
| *capacity as President of the United States*, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **OPINION**

Presently pending before the Court is Petitioner's "Motion for Reconsideration of Class Decertification" (the "Reconsideration Motion"), which he filed on May 28, 2025. (ECF No. 79). On June 3, 2025, Respondents filed their "Brief in Opposition to Petitioner's Motion for Reconsideration." (ECF No. 83). The following day, Respondents refiled the Brief in Opposition as an Errata. (ECF No. 84).[1] On June 6, 2025, Petitioner filed his "Reply in Support of Motion for Reconsideration." (ECF No. 86). Accordingly, the Reconsideration Motion is fully briefed and ripe for disposition. For the following reasons, the Court **DENIES** the Reconsideration Motion.

### I.    Background Regarding Class Certification[2]

On April 15, 2025, Petitioner filed a "Motion for Class Certification and Appointment of Class Counsel" (the "Certification Motion") (ECF No. 4), along with an accompanying Brief in

---

[1] The reason for correction regarded the signature block, and the Clerk of Courts removed the docket entry at ECF No. 83 from view.

[2] For a factual background of the case, see *A.S.R. v. Trump*, No. 3:25-CV-00113-SLH, 2025 WL 1378784, at *2–7 (W.D. Pa. May 13, 2025).

Support (ECF No. 5). In the Certification Motion, Petitioner requested an order certifying the following class in this matter pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2):

> All noncitizens in custody in the Western District of Pennsylvania who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' [(the "Proclamation")] and/or its implementation.

(ECF No. 4 at 1).

On April 25, 2025, amid the expedited and emergency nature of this case, the Court issued a Memorandum Order regarding class certification without requesting a response from Respondents. (ECF No. 45). In that Memorandum Order, the Court certified the following class:

> All noncitizens in custody in the Western District of Pennsylvania who were, are, or will be subject to the [Proclamation] and/or its implementation, who have not been given fourteen (14) days' notice following the Supreme Court's decision on April 7, 2025, *Trump v. J.G.G.*, [145 S. Ct. 1003 (2025)], and "an opportunity to challenge their removal" under th[e Alien Enemies Act]....

(ECF No. 45 at 4).

On May 5, 2025, the Court held a hearing regarding Petitioner's request for a preliminary injunction. (*See* ECF No. 68). At the hearing, the parties discussed class certification, and Respondents voiced their objections to class certification.

Subsequent to hearing the positions of the parties, on May 13, 2025, the Court *sua sponte* decertified the class pursuant to Federal Rule of Civil Procedure 23(c)(1)(C). *A.S.R. v. Trump*, No. 3:25-CV-00113-SLH, 2025 WL 1385213, at *4 (W.D. Pa. May 13, 2025). Specifically, the Court held that Petitioner's proposed class failed to meet the numerosity requirement demanded by Rule 23(a)(1). *Id.* at *3–4.

Against this background, Petitioner filed his Reconsideration Motion. The Court thus turns to an analysis of whether it should grant the Reconsideration Motion.

II.    Analysis

1. **Legal Standard**

Generally, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Decker v. Dep't of Corr.*, No. 3:23-CV-00144-SLH, 2025 WL 548394, at *1 (W.D. Pa. Jan. 16, 2025) (internal quotations omitted) (quoting *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004)). "[T]he standard that must be met to prevail on a motion for reconsideration is high." *Id.* Specifically, "[t]he Court may grant a motion for reconsideration if the moving party shows: '(1) an intervening change in the controlling law; (2) the availability of new evidence which was unavailable when the Court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.'" *Id.* (quoting *United States v. Banks*, No. 03-CR-245-NBF, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)).

Importantly, however, Federal Rule of Civil Procedure 23(c)(1)(C) states that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Due to the Rule's discretionary language, the Third Circuit has held that the stringent motion-for-reconsideration standard does not apply when revisiting the issue of class certification. *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 470 (3d Cir. 2020).

In *Hargrove*, the Third Circuit examined a district court's decision to deny the plaintiffs' renewed motion for class certification, which the district court treated as a motion for reconsideration. *Id.* at 469–70. As a matter of first impression, the *Hargrove* Court held that "[d]istrict courts should treat renewed motions for class certification as they would initial motions under Rule 23." *Id.* at 470. The *Hargrove* Court reasoned the following:

> Concern about parties getting a second opportunity[] ... cannot override the language of Rule 23(c)(1)(C), which allows for multiple bites at the apple

3

> throughout the litigation, and that does not impose an additional requirement on parties to prove a change in law or show new evidence to succeed on a renewed motion for certification. The Rule does not distinguish between a renewed motion for certification based on new evidence and one based on a more narrow and clearer definition of a class that meets the requirements of Rule 23. As a practical matter, we know no reason why plaintiffs who can cabin more clearly their class, and meet the other Rule 23 requirements, should be barred from succeeding on a renewed motion.

*Id.* at 476–77. Thus, the Third Circuit "decline[d] to import the stringent motion-for-reconsideration standard to a renewed motion for class certification under Rule 23(c)(1)(C)." *Id.* at 477.

Petitioner's Reconsideration Motion is explicitly a motion for reconsideration. (*See* ECF No. 79 at 1). Nevertheless, given the discretionary language of Rule 23(c)(1)(C), the Reconsideration Motion is functionally a renewed motion for class certification. (*See* ECF No. 86 at 4) ("There is no reason to treat Petitioner's motion any differently from any other renewed look at class certification."). Therefore, here, the Court applies the *Hargrove* standard and reviews its prior ruling *de novo*. *Cf. Scanlan v. Am. Airlines Grp., Inc.*, No. 18-CV-4040, 2022 WL 1028038, at *3 (E.D. Pa. Apr. 6, 2022) ("Motions to amend class certification should not be treated like motions for reconsideration and subject to a heightened standard."); *Carrow v. FedEx Ground Package Sys., Inc.*, No. 16-CV-3026, 2019 WL 7184548, at *3 (D.N.J. Dec. 26, 2019) (applying a less stringent standard to a renewed motion for class certification); *Vaccarro v. Amazon.com.dede, LLC*, No. 18-CV-11852, 2025 WL 974660, at *5 (D.N.J. Apr. 1, 2025) ("[A] motion for reconsideration is not the appropriate vehicle [to challenge the court's ruling on class certification]. Rather, a renewed motion for class certification is more appropriate.").

### 2. Application of Legal Standard

As the Court discussed in greater detail in its May 13, 2025, Opinion, "[r]egarding the first factor of a Rule 23(a) analysis—numerosity—the Rule states that the factor is satisfied when 'the

4

class is so numerous that joinder of all members is impracticable.'" *A.S.R.*, 2025 WL 1385213, at *2 (quoting Fed. R. Civ. P. 23(a)(1)). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40," then joinder of all members is impracticable. *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001). "At the other end of the spectrum, the Supreme Court has stated in dicta that a class of fifteen was 'too small to meet the numerosity requirement.'" *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 250 (3d Cir. 2016), *as amended* (Sept. 29, 2016) (quoting *Gen. Tel. Co. of the Nw, Inc. v. EEOC*, 446 U.S. 318, 331 (1980)).

Thus, under the *Hargrove* standard discussed above, the question the Court first must ask is: Has Petitioner demonstrated that the numerosity factor has been satisfied? Petitioner argues that a factual change and a new Supreme Court case makes the answer to such a question, yes. The answer, however, remains, no; numerosity is not satisfied here.

First, in support of Petitioner's claim of numerosity, Petitioner identifies another habeas petitioner in this District who the Court found to have standing to challenge the Proclamation. *See W.J.C.C. v. Trump*, No. 3:25-CV-00153-SLH, 2025 WL 1572856 (W.D. Pa. June 4, 2025). However, the fact that the petitioner in *W.J.C.C.* filed his own separate suit with the assistance of counsel cuts against the proposition that joinder is impractical here. Rather, it shows that joinder is practical. Additionally, Petitioner has identified six other individuals who had previously been detained in (before being transferred from) Moshannon Valley Processing Center and were allegedly subject to the Proclamation. (*See* ECF No. 5 at 4 n.3; ECF No. 79 at 6). Assuming without deciding that those six individuals, W.J.C.C., and Petitioner all count toward a putative class, that class would have eight members and still be too small to meet the numerosity requirement. *Cf. J.A.V. v. Trump*, No. 1:25-CV-072, 2025 WL 1256996, at *3 (S.D. Tex. May 1,

2025) ("Respondents do not contest that before the *J.G.G.* decision, about 100 individuals were detained in the Southern District of Texas and had been designated as alien enemies under the Proclamation." (citing *J.G.G. v. Trump*, No. 25-CV-766, 2025 WL 1119481, at *3 (D.D.C. Apr. 16, 2025)).

Second, Petitioner argues that the Supreme Court's recent case of *A.A.R.P. v. Trump*, 145 S. Ct. 1364 (2025) stands for the proposition that class treatment is warranted in the present matter. (*See, e.g.*, ECF No 79 at 3). It does not. In *A.A.R.P.*, the parties represented that there were approximately 176 putative class members in the Northern District of Texas. Applicants' Resp. to Suppl. Mem., *A.A.R.P. v. Trump*, No. 24-1177, 2025 WL 1413856, at *1 (U.S. May 14, 2025) ("According to the government, currently 'there are some 176 putative class members' in the Northern District of Texas, 149 of whom have not been ordered removed under Title 8." (quoting Resp'ts' Suppl. Mem. Regarding Emergency Appl., No. 24-1177, at 2, 11 (U.S. May 12, 2025)); *see also* Compl.-Class Action: Class Pet. for Writ of Habeas Corpus & Compl. for Declaratory and Injunctive Relief, *A.A.R.P. v. Trump*, No. 1:25-CV-059, ECF No. 38 ¶ 12 ("As of April 18, 2025, officers at Bluebonnet [Detention Facility, in the Northern District of Texas,] have issued notices to many men, including F.G.M., and many others in the proposed class."). Indeed, numerosity was not in dispute in *A.A.R.P. See* 145 S. Ct. at 1369–70. Ultimately, Petitioner fails to explain how *A.A.R.P.* mandates class certification in the present matter—such as how *A.A.R.P.* modifies the Rule 23(a)(1) standard of numerosity. The Court cannot, and thus does not, read *A.A.R.P.* to provide a binding principle that would lead this Court to find numerosity satisfied—especially given the fact *A.A.R.P.* handled a putative class 22 times the size of the class presently at issue.

Finally, the Court is sympathetic to the argument that the at-issue class is an inherently transitory class, which includes future members. (*See* ECF No. 79 at 3). But in all the case law that Petitioner cites for certification of such classes, either numerosity was not challenged, the class still had numerous identified members, or both.[3] The Court considered this argument before and rejects it again. Therefore, the Court finds that the numerosity requirement of Rule 23(a)(1) has not been met.[4]

---

[3] For example, in *Gerstein v. Pugh*, 420 U.S. 103 (1975), the Supreme Court analyzed a mootness exception to class certification; the case had nothing to do with Rule 23(a)'s numerosity requirement. Moreover, the cases in the lower courts show that the class consisted of a large number of plaintiffs. *See Pugh v. Rainwater*, 483 F.2d 778 n.12, 783 (5th Cir. 1973) ("Though the class of plaintiffs here includes only those against whom the state attorney proceeds by information, we do not lightly dismiss the detention of a minimum of 1,165 defendants against whom charges are subsequently dropped. As a practical matter, the relief granted by the district court, by affording probable cause hearings after arrest to all arrestees, benefits also those against whom charges are not pressed."), *aff'd in part, rev'd in part sub nom. Gerstein v. Pugh*, 420 U.S. 103 (1975); *Pugh v. Rainwater*, 332 F. Supp. 1107, 1111 n.1 (S.D. Fla. 1971), *supplemented*, 336 F. Supp. 490 (S.D. Fla. 1972) ("Although the record does not reflect the ultimate disposition of the direct information cases alone, it does appear that of the total of 7,856 cases disposed of by the state attorney in 1970, there were 198 'nolle pros,' and 1,565 acquittals."). Similarly, in *County of Riverside v. McLaughlin*, the Supreme Court analyzed the same mootness exception as it did in *Gerstein*—not Rule 23(a)'s numerosity requirement. 500 U.S. 44, 52 (1991) ("That the class was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction. We recognized in *Gerstein* that "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires."" (citations omitted)). And in *Nielsen v. Preap*, Justice Alito, writing for the plurality, analyzed the same mootness exception as the Supreme Court did in *County of Riverside*—not Rule 23(a)'s numerosity requirement. 586 U.S. 392, 403 (2019) ("[I]n both cases, there was at least one named plaintiff with a live claim when the class was certified. Even if that had not been so, these cases would not be moot because the fact that a class 'was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction' when, as in these cases, the harms alleged are transitory enough to elude review." (quoting *County of Riverside*, 500 U.S. at 52)). Moreover, the original district court opinion in the filing of *Nielsen* shows that the class had at least a dozen present members, a dozen past members, and likely "many more class members." *Khoury v. Asher*, 3 F. Supp. 3d 877, 890 (W.D. Wash. 2014), *aff'd*, 667 F. App'x 966 (9th Cir. 2016), *rev'd and remanded sub nom. Nielsen v. Preap*, 586 U.S. 392 (2019). *See also J.D. v. Azar*, 925 F.3d 1291, 1323 (D.C. Cir. 2019) ("[T]he government has lodged no numerosity challenge to that class."); *Victory v. Berks Cnty.*, No. 18-CV-5170, 2019 WL 2950171, at *25 (E.D. Pa. July 8, 2019) ("[A]t least forty individual [class members]" had been identified "each year over the past five years," as well as twenty-nine members at the time of filing.); *Thakker v. Doll*, 336 F.R.D. 408, 414 (M.D. Pa. 2020) ("Respondents do not contest that the putative class would 'most likely' meet the numerosity requirement should we certify one class to encompass all putative members.").

[4] As the Third Circuit has noted, a "'decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same [district] judge in a different case.'" *Daubert v. NRA Group, LLC*, 861 F.3d 382, 395 (3d Cir. 2017) (quoting *Camreta v.*

**III.    Conclusion**

For the foregoing reasons, the Court denies Petitioner's Motion for Reconsideration of Class Decertification at ECF No. 79.[5]

An appropriate Order follows.

DATED: June 25, 2025

STEPHANIE L. HAINES
U.S. DISTRICT COURT JUDGE

---

*Greene*, 563 U.S. 692, 709 n.7 (2011)). To stretch the rule of numerosity to certify a class that would otherwise be too small—simply to create a legal precedent binding on non-parties—would amount to an end-run around to the aforementioned governing legal principle.

[5] If the Court would have applied the stringent motion-for-reconsideration standard, it would have had to answer: Whether within approximately the past month, have the facts of the present matter or the precedent binding on this Court changed to permit the numerosity factor to be satisfied? For the reasons alluded to above—namely, the fact that *A.A.R.P.* does not provide an intervening change in the controlling law, nor does the existence of W.J.C.C. represent newly available evidence that changes the Court's May 13, 2025 decision—the Court would answer that question in the negative.